GILBERT JACKSON *v.* STATE OF ARKANSAS

CR 73-13                                    492 S.W. 2d 897

Opinion delivered April 16, 1973

*Louis W. Rosteck,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Frank B. Newell,* Asst. Atty. Gen., for appellee.

CARLETON HARRIS, Chief Justice. Petitioner, Gilbert Jackson, was sentenced to six years confinement in the Arkansas Department of Correction for Assault with Intent to Kill on June 18, 1969, and on November 20, 1969, was sentenced to one year imprisonment after pleading guilty to Escape, such sentence to commence at the expiration of the six year sentence[1], meaning that it was a consecutive sentence. Jackson filed a petition under the provisions of Criminal Procedure Rule I, asserting that his sentence was illegal, it being contended that there was no longer any authority for a consecutive sentence, and on hearing, it was further contended that the sentence should be set aside, or ordered to run concurrently, with the six year sentence. The trial court declined to grant relief, and from the judgment entered denying the petition, petitioner brings this appeal.

Here, it is now admitted that the court has authority to enter a consecutive sentence. See Ark. Stat. Ann. § 43-2311 (Repl. 1964). However, petitioner points out that Act 50 of 1968, codified as Ark. Stat. Ann. § 43-2807 (Supp. 1971), does away with consecutive sentences for parole eligibility purposes and makes all sentences cumulative (for parole purposes), and mentions the wording of the last sentence of this section, which reads as follows:

> "For parole eligibility purposes, consecutive sentences by one or more courts, or for one or more counts, shall be considered as a single commitment reflecting the cumulative minimum and maximum time to be served."

---

[1] On the same date that Jackson was sentenced on the charge of Assault with Intent to Kill, he escaped from the custody of the bailiff of the court and on June 20, 1969, a felony information was filed by the Prosecuting Attorney charging Jackson with Escape.

It is then argued that the words "single commitment" should be interpreted as authorizing only a single sentence, i.e., the one year sentence, and it is asserted that the wording of the statute mentioning consecutive sentences is merely superfluous.[2]

We do not agree with this last argument nor with the interpretation reached by petitioner. Paragraph 1 of sub-section (c) of § 43-2807 provides:

> "Individuals sentenced to a term of years prior to March 1, 1968 and those sentenced to a term of years after the effective date (February 12, 1969) of this Act, shall be eligible for release on parole after having served one-third (1/3) of the time for which sentenced with credit for good time allowances or one-third (1/3) of the time to which such sentence is commuted by executive clemency, with credit for good time allowances."

And, the last line of the section, heretofore quoted, simply means that the six years plus the one year shall be treated as a single commitment. In other words, Jackson became eligible for parole after serving two years and four months less any credit for good time allowances. Petitioner seems to be under the impression that his failure to be paroled is due to the additional one year sentence,

---

[2]From the Brief:

"The problem lies in the interpretation of what is meant by a *single commitment reflecting* the *cumulative minimum* and *maximum* time to be served. A *single* commitment in the instant case would have to be interpreted as a *single* sentence. In the instant case it would be a one-year sentence, and the *wording* of making it a consecutive sentence, is merely superfluous—it has' no effect whatsoever. And then this statute further states that this *single commitment* shall reflect the *cumulative minimum and maximum time to be served.*

There is nothing in this one-year sentence that reflects the cumulative (or added on) minimum or maximum time to be served. Technically, it would appear that this would amount to a concurrent sentence if no minimum or maximum time is specified to be served. The Court has the authority to specify that no minimum time is required to be served, or it can specify that one-third of the sentence must be served before the defendant can be eligible for parole. However, when the cumulative sentence (in this case one year) is silent as to reflecting the minimum and/or maximum time to be served, it should void the whole sentence for non-compliance with the statute."

counsel stating in his brief that the "effect of the one-year sentence has apparently caused him to flatten a year." Apparently, as pointed out by the Attorney General, petitioner is failing to give proper consideration to the word *"eligibility"* for parole. Of course, being eligible for parole on the basis of the time served, and being paroled are two different matters. Undoubtedly, other factors are considered by the parole board in addition to the amount of time served, one, of course, being the prisoner's conduct. At any rate, there is no evidence in this record to sustain any allegation that the Department of Correction is ignoring or misinterpreting Ark. Stat. Ann. § 43-2807.

To summarize, we hold that under § 43-2807 (c) (2), petitioner's six year and one year sentences are to be considered cumulatively as a seven year sentence, eligibility for parole being governed by § 43-2807 (c) (1). "Cumulative minimum" means the minimum sentence possible to be served under the provisions of § 43-2807 and "cumulative maximum" means the total amount of time fixed for incarceration as shown by the face of the commitments, considered as a single cumulative commitment.

There being no evidence that the parole board is ignoring or misconstruing the statute under discussion, or that Jackson is being held contrary to law, the judgment of the Pulaski County Circuit Court (First Division) is affirmed.

It is so ordered.